UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CASE NO. 22-mj-22 (RMM) |
| ILYA LICHTENSTEIN and | : | |
| HEATHER MORGAN, | : | |
| Defendants. | : | |

### CIPA § 4 ORDER

### UNCLASSIFIED ORDER APPROVING SUMMARIES OF CLASSIFIED INFORMATION AND APPROVING DELETION OF CLASSIFIED INFORMATION FROM DISCOVERY, ALL PURSUANT TO CIPA § 4 AND FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)

This matter has come before the Court on the Government's First Classified *In Camera, Ex Parte* Motion for an Order Pursuant to § 4 of the Classified Information Procedures Act (CIPA) and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, filed November 18, 2022 (First CIPA Motion). Having reviewed the government's First CIPA Motion and attachments and the relevant law, and being fully advised in the premises, the Court concludes that good cause exists for granting the motion of the United States. After *ex parte, in camera* inspection and consideration of the government's motion and attachments, the Court concludes that:

1.  Defendants Ilya Lichtenstein and Heather Morgan are charged in the complaint with one count of Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h), and one count of Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371.

2. On November 18, 2022, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, filed the First CIPA Motion *ex parte*, *in camera* and under seal, pursuant to CIPA § 4, 18 U.S.C. App. 3 § 4, and Fed. R. Crim. P. 16(d)(1). The First CIPA Motion addresses certain classified materials (collectively, the Classified Information).

3. In the First CIPA Motion, the government seeks authorization, pursuant to 18 U.S.C. App. 3 § 4 and Fed. R. Crim. P. 16(d)(1), to provide classified summaries of a subset of the Classified Information (the Classified Information for Substitution) that the government has determined is at least arguably relevant and helpful to the defense. In this motion, the government also seeks authorization to "delete" from discovery the remainder of the Classified Information (the Classified Information for Deletion). The Classified Information for Deletion is not relevant and helpful to the defense and the unauthorized disclosure of this information at this time reasonably could be expected to cause serious damage to the national security.

4. Through one or more declarations of a United States government official that the government submitted with the First CIPA Motion, the government has properly invoked its classified information and national security privilege with respect to the Classified Information.

5. The First CIPA Motion was properly filed *ex parte*, *in camera*, for this Court's review, pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1). The Court has conducted an *ex parte*, *in camera* review of the classified First CIPA Motion and all of declaration(s) and exhibit(s) submitted in support of this motion.

6. The disclosure of the Classified Information at this time would cause serious, and in some cases exceptionally grave, damage to the national security.

7.  The Court finds that the government's proposed summaries of the Classified Information for Substitution adequately protect Defendants' interests and may be provided to cleared defense counsel in lieu of the underlying classified documents. *See United States v. Rezaq*, 134 F.3d 1121, 1142-43 (D.C. Cir. 1998) (approving district court's CIPA substitution rulings where "[n]o information was omitted from the substitutions that might have been helpful to Rezaq's defense"); *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) (approving substitution of unclassified summary in place of classified information); *United States v. Rahman*, 870 F.Supp. 47, 53 (S.D.N.Y. 1994) ("[I]t is sufficient to disclose the substance of the information [in the CIA's possession] . . . . The document itself need not be disclosed.").

8.  The "relevant and helpful" standard adopted to CIPA § 4 in *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989) (and originally articulated in *United States v. Roviaro*, 353 U.S. 53 (1975)), is the appropriate standard by which to analyze the discoverability of classified information where, as here, the government has properly invoked the national security and classified information privilege. To this end, the Court finds that in applying the *Yunis/Roviaro* standard, none of the Classified Information for Deletion is "relevant and helpful to the defense." This order applies to each of the government's discovery obligations under Federal Rule of Criminal Procedure 16, and *Brady v. Maryland*, *Giglio v. United States*, and their progeny.

9.  Because the Classified Information for Deletion is not both relevant and helpful to the defense, the Court need not balance the government's national security interest against Defendants' need to access to this information.

Accordingly, pursuant to § 4 of the Classified Information Procedures Act, 18 U.S.C. App. 3, and Fed. R. Crim. P. 16(d)(1), IT IS HEREBY ORDERED that:

1. The First CIPA Motion is hereby GRANTED.

2. The classified summaries of the Classified Information for Substitution may be provided to cleared defense counsel in lieu of the underlying classified documents.

3. The Classified Information for Deletion shall be deleted from discovery and shall not be disclosed to Defendants, their counsel, or the public.

4. The First CIPA Motion and all the declaration(s) and exhibit(s) filed in support of this motion are hereby SEALED and shall be retained in accordance with established security procedures until further order of this Court.

SO ORDERED this 14th day of December, 2022.

BERYL A. HOWELL
UNITED STATES DISTRICT JUDGE